# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KAREN KILLIAN RESPI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV198 RWS |
| | ) |
| CENTRAL ROLLED THREAD | ) |
| DIE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Karen Respi for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action for alleged "civil rights" violations, torts, and for workers compensation.  Named as defendants are the Central Rolled Thread Die Company ("CRTDC"), James F. Nowicke (Owner, CRTDC), Earl Nowicke (Manager, CRTDC), and "Insuror(s) [*sic*], if any known."  Plaintiff lives in Missouri, and the defendants are alleged to be located in Missouri.  The complaint seeks unspecified monetary relief.

Plaintiff alleges that CRTDC sent her to a non-workers compensation doctor in 2005, although she believed the doctor took workers compensation.  Plaintiff claims that CRTDC "made fun of" her work-related injury at that time.  Plaintiff says that in 2006 CRTDC sent her to a workers compensation physician in 2006. Plaintiff alleges that she "lacks progress through workers' compensation."

## Discussion

To state a claim upon which relief can be granted under Title VII, plaintiff is required to present a prima facie case of unconstitutional employment discrimination: that she is a member of a protected class, that she was qualified for the position, and that despite her qualification she was displaced from the position. E.g., Ruby v. Springfield R-12 Public School Dist., 76 F.3d 909, 911 (8th Cir. 1996). Plaintiff has made no such allegations, and the complaint fails to state a prima facie case under Title VII.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff has made no such allegations, and the complaint does not state a prima facie case under § 1983. As a result, plaintiff's civil rights allegations fail to state a claim upon which relief can be granted.

For this Court to have jurisdiction over plaintiff's tort claims or workers compensation claims, the requirements of diversity jurisdiction must be met. See Cincinatti Indem. Co. v. A&K Const. Co., 542 F.3d 623, 624 (8th Cir. 2008) (workers compensation); 28 U.S.C. § 1332. The requirements of diversity jurisdiction are not present in this case because plaintiff and defendants are from Missouri. As a result, the Court lacks subject matter jurisdiction over plaintiff's state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of February, 2010.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE